UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUBIN INDUSTRIES, INC., | No. 2:14-cv-02082-MCE-CKD |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| CASTER CONCEPTS, INC., | |
| Defendant. | |
| | |
| CASTER CONCEPTS, INC., | |
| Counterclaimant, | |
| v. | |
| AUBIN INDUSTRIES, INC., | |
| Counterclaim Defendant. | |

Through the present action, filed on September 8, 2014, Plaintiff Aubin Industries, Inc. ("Aubin") seeks injunctive relief and damages from Defendant Caster Concepts Inc. ("Caster") for alleged patent infringement. Aubin pleads causes of action for patent

1

infringement, unfair competition, and intentional and negligent interference with prospective economic relationships.  On October 30, 2014, Caster filed an answer to Aubin's complaint that included counterclaims for invalidity and non-infringement of Aubin's patent.  In response, Aubin asserted that Caster's counterclaims and certain affirmative defenses lacked the requisite factual support.  Caster subsequently filed its First Amended Answer to Aubin's Complaint and Counterclaims (ECF No. 14, hereinafter "First Amended Answer") on November 20, 2014.  Now before the Court is Aubin's Motion to Dismiss Caster's Counterclaims and to Strike its Sixth Affirmative Defense (ECF No. 15) brought pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(f)(2).[1]  For the reasons set forth below, that Motion is DENIED in part and GRANTED in part.[2]

## BACKGROUND

On April 19, 2005, Aubin had United States Patent No. 6,880,203 ("The '203 Patent") issued on a wheel assembly for use in industrial settings.  Aubin's patent design involved independently rotating disks in the wheel assembly that help to move heavy equipment more effectively.  Aubin used the '203 Patent to market and sell its popular "Swivel-EAZ®" line of wheel assemblies.  Compl., ¶¶ 14-16.

According to Aubin's Complaint, Caster has directly infringed on its '203 Patent by "making, using, selling, and/or offering for sale ergonomic wheel assemblies with multiple independently rotatable disks," including its "Twergo" branded line of wheel assemblies.  Compl., ¶ 19. Aubin alleges both direct infringement as well as contributory infringement stemming from Caster's alleged import of components especially adapted for use in its wheel assemblies.  Id. at ¶¶ 26-27, 29.

---

[1] All further references to "Rule" or "Rules are to the Federal Rules of Civil Procedure unless otherwise indicated.

[2] Having determined that oral argument was not of material assistance, the Court ordered this Motion submitted on the briefing in accordance with Eastern District Local Rule 230(g).

By way of counterclaim, Caster first seeks a declaratory judgment of patent invalidity, alleging that one or more claims entailed by the '203 Patent are invalid for failure to comply with patentability requirement under Title 35 of the United States Code. By way of example, Caster claims that the '203 Patent fails to comply with 35 U.S.C. § 101 because it does not encompass "any new or useful process, machine, manufacture or composition of matter, or any new and useful improvement thereof." First Amended Answer, ¶ 114.  Caster goes on to allege that the '203 Patent is also invalid because it is anticipated by prior art under 35 U.S.C. § 102(a).  Then, by way of its Second Counterclaim, Caster goes on to seek a declaratory judgment of patent infringement on its own behalf alleging that it "does not infringe and has no infringed any valid and enforceable claims of the '203 Patent, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise." Id. at ¶ 122.  Caster also alleges as follows:

> It is Aubin's burden to prove infringement, and it has failed to prove that [Caster] infringes any patent claim.  For example, the only [Caster] product alleged to infringe any claims of the '203 patent, [Caster's] Twergo, does not practice any claim to that patent.  In its Complaint, Aubin failed to allege that any specific claim of the '203 Patent is infringed by the accused product, and failed to provide a specific limitation-by-limitation basis for any such an allegation.

Id.

In addition to challenging the viability of Caster's two counterclaims, Aubin also asserts that Caster's Sixth Affirmative Defense, for unclean hands, contains no facts to support Caster's claim that Aubin "is asserting a patent which it has reason to know is not infringed and is invalid, and for which it has reason to know that it is entitled to no damages or other requested relief." Id. at ¶ 101.

///
///
///
///

# STANDARD

### A. Motion to Dismiss

A motion to dismiss a counterclaim brought pursuant to Rule 12(b)(6) is generally evaluated under the same standard as a motion to dismiss a complaint  Spilt v. United States, No. 2:12-CV-00536-TLN-CMK, 2013 WL 4010289, at *2 (E.D. Cal. Aug. 5, 2013). Thus, this Court must determine whether the counterclaim's factual allegations, together with all reasonable inferences, state a plausible claim for relief.  Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Bell Atlantic Corp. v. Twombly, 555 U.S. 544, 556 (2007).  The factual allegations presented must be more than speculative in order to raise a right to relief.  Twombly, 550 U.S. at 555.

When determining the sufficiency of a claim, "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party."  Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011).  However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.  Id.; see also Iqbal, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting Twombly, 550 U.S. at 555)).

### B. Motion to Strike

The Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ."  Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).  Immaterial

matter is that which has no essential or important relationship to the claim for relief or the defenses being pled.  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds 510 U.S. 517 (1994) (internal citations and quotations omitted). Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question.  Id.

## ANALYSIS

Aubin's pleading challenge to Caster's two counterclaims, as well as to its affirmative defense for unclean hands, hinge on whether those claims are adequate in light of the Supreme Court's recent decisions in Iqbal and Twombly, which apply a heightened pleading standard to Rule 8(a)(2).  Although that Rule states only that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," as stated above, Iqbal and Twombly interpret that provision as requiring a showing of facial plausibility.  Iqbal, 556 U.S. at 678 (citing Twombly, 555 U.S. at 556.  That determination is made especially problematic in the patent arena which, as discussed below, carries its own particular pleading requirements. Additionally, while various district courts have weighed in on the issue, the Ninth Circuit itself "has not addressed whether the Supreme Court's new plausibility standard applies to claims under patent law."  Microsoft Corp. v. Phoenix Solutions, 741 F. Supp. 2d 1156, 1158 (C.D. Cal. 2010).  With those factors in mind, the Court now addresses each of Aubin's pleading challenges in turn.

**A.  Counterclaim for Patent Invalidity**

Caster's First Counterclaim  asks the Court to determine that Aubin's '203 patent is invalid, alleging that if fails to comply with the conditions set forth in 35 U.S.C. § 101 since it fails to address "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof."   First Amended Answer, ¶ 114.  Caster goes on to assert invalidity on grounds that the '203 Patent is

anticipated by prior art on grounds that it was disclosed by other patents and patent applications that qualify as such, and further was disclosed by products that were already on sale and in public use. Id. at ¶ 115, citing 42 U.S.C. §102(a). Caster further alleges that Aubin's claimed patent would have been obvious before the effective filing date of the '203 patent by a person having ordinary skill in the art to which the claimed patent pertain, and, finally, claims that the '203 patent fails to distinctly assert "the subject matter which the inventor or a joint inventor regards as the invention." Id. at ¶¶ 116-17 (citing 42 U.S.C. §§ 103, 112).

Although these allegations track the language of the statute, as the court pointed out in Fitness Anywhere LLC v. Woss Enterprises LLC, No. 14-cv-01725, 2014 WL 4802432 at *2 (N.D. Cal. Sept. 26, 2011), they do not assert all grounds for invalidity and unenforceability under the Patent Act. Additionally, in Microsoft Corp. v. Phoenix Solutions, 741 F. Supp. 2d 1156 (C.D. Cal. 2010), the court noted that it would be "incongruous" to require a heightened pleading standard for an invalidity counterclaim when the base pleading standard for infringement does not even require facts such as "why the accused products allegedly infringe." Id. at 1159 (citing Teirstein v. AGA Medical Corp., No. 6:08-cv-14, 2009 WL 704138 at *5 (E.D. Tex. Mar. 6, 2009)). Given the guidance provided by Fitness Anywhere and Microsoft, which the Court finds persuasive, the Court finds that Caster's invalidity counterclaim is adequately pled and survives Aubin's pleading challenge.[3]

### B. Counterclaim for Patent Non-Infringement

In alleging patent non-infringement, Caster's Second Counterclaim states broadly that case "has not infringed any valid and enforceable claim of the '203 patent, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise." First Amended Answer, ¶ 122. Caster goes on to assert that "[i]t is Aubin's burden to prove infringement, and it has failed to prove that [Caster] infringes any patent claim." Id. By

---

[3] To the extent it concludes otherwise, this Court rejects the reasoning employed in IconFind, Inc. v. Google, Inc., No. 2:11-cv-0319-GEB-JFM, 2011 WL 4505779 (E.D. Cal Aug. 2, 2011).

way of example, Caster points out that while Aubin implicates Caster's Twergo product, it fails to allege how Twergo infringes any specific claim of the '203 Patent, let alone any "specific limitation-by-limitation basis for any such an allegation." Id. Caster otherwise makes no factual allegations in support of its non-infringement counterclaim.

As the language of Caster's counterclaim makes clear, both claims for direct and indirect infringement are alleged. This is significant because applicable case law carefully distinguishes between the standards applicable to those alternative forms of infringement. Form 18, which is appended to the Federal Rules of Civil Procedure, provides an example for alleging direct patent infringement that "requires little more than a conclusory statement that the defendant infringed the plaintiff's patent." Microsoft, 741 F. Supp. 2d at 1158. Significantly, too, Rule 84 requires a court to accept as sufficient any pleading made in performance with the Federal Forms, including Form 18. Id. In R+L Carriers, Inc. v. Driver Tech LLC, 681 F.3d 1323, 1334 (Fed. Cir. 2012), the Federal Circuit found unequivocally that as long as the claim in question "contains sufficient factual allegations to meet the requirement of Form 18, the [claim] has sufficiently pled direct infringement." The R+L case reiterates that the language of both Rule 84 and the Advisory Committee Notes "make clear that a pleading, motion or other paper that follows one of the Official Forms cannot be successfully attacked." Id. at 1334.

Here, by simply alleging that its products fail to infringe on the '203 patent, Caster's Counterclaim meets the requirements of Rule 18 and thereby suffices for purposes of asserting direct non-infringement.[4] That finding, however, does not extend to indirect on contributory infringement, which occurs if a party sells or offers to sell a

---

[4] The Court is mindful that other courts, including some in this District, have concluded otherwise. See, e.g., Deerpoint Grp., Inc. v. Acqua Concepts, Inc., No. 1:14-cv-01503-SAB, 2014 WL 7178210 (E.D. Cal. Dec. 16, 2014) (applying Twombly and Iqbal to both direct and indirect non-infringement claims). This Court, however, finds the reasoning of the Federal Circuit in R+L, as well as the Central District's decision in Microsoft, more persuasive. The Court further rejects Aubin's assertion that the non-infringement counterclaim should be rejected as "needlessly duplicative" of Aubin's claim in chief that infringement has in fact occurred. As Caster points out, a counterclaim of non-infringement permits a defendant to continue to seek a declaration of non-infringement even if the plaintiff voluntarily dismisses its own infringement claim. Fitness Anywhere, 2014 WL 4802432 at *3.

product or component used in a patented process that has no substantial non-infringing use. In R+L, the Federal Circuit agreed that "Form 18 should be strictly construed as measuring only the sufficiency of allegations of direct infringement, and not indirect infringement." 681 F.3d at 1336. Thus, the heightened pleading standard of Twombly and Iqbal must be applied to indirect infringement claims. Id. at 1336-37; see also Conte v. Jakks Pac., Inc., No. 1:12-cv-0006 LJO GSA, 2012 WL 2339117, at *4 (E.D. Cal. June 19, 2012) (applying heightened standards to indirect but not direct patent infringement).

Here, aside from pleading the fact of indirect infringement (in the same sentence that it discusses direct infringement), Caster's Second Counterclaim states no facts whatsoever to support a claim that it sold or offered to sell a component product that had no substantial non-infringing use. Only Caster's Twergo product is mentioned and there is no allegation that components of Twergo or any other product in fact had a substantial non-infringing use that exempted them from indirect infringement liability. In the absence of any such facts stating a plausible claim for relief, Caster's Second Counterclaim fails to pass muster under Iqbal and Twombly to the extent it alleges indirect non-infringement.

### C. Affirmative Defense of Unclean Hands

An affirmative defense is an "assertion of facts and arguments that, if true, will defeat the plaintiff's [] claim, even if all the allegations in the complaint are true." Black's Law Dictionary (10th ed. 2014). An insufficiently pled affirmative defense may be stricken under Federal Rule of Civil Procedure 12(f).

District courts have historically applied the "fair notice" standard in evaluating the viability of affirmative defenses. Dodson v. Munirs Co., No. 2:13-cv-0399-LKK-DAD, 2013 WL 3146818, at *2 (E.D. Cal. June 18, 2013). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives the plaintiff fair notice of the defense." Wyshak v. City Nat'l Bank, 607 F.2d 824, 826 (9th Cir. 1979). "Fair notice generally requires that the defendant identify the nature and grounds for the affirmative

defense, rather than plead a detailed statement of the facts upon which the defense is based." Dodson, 2013 WL 3146818 at *2. Significantly, as Caster correctly points out, it is axiomatic that failure to plead an affirmative defense risks waiving that defense. See e.g., Falley v. Friends Univ., 787 F. Supp. 2d 1255, 1259 (D. Kan. 2011); Lane v. Page, 272 F.R.D. 581, 596 (D. N.M. 2011).

The only affirmative defense challenged by Aubin as insufficiently pled is Caster's Sixth Affirmative Defense, for unclean hands. "The doctrine of unclean hands requires unconscionable, bad faith or inequitable conduct by the plaintiff in connection with the matter in controversy." Escriba v. Foster Poultry Farms, 793 F. Supp. 2d 1147, 1169 (E.D. Cal. 2011). "Unclean hands applies when it would be inequitable to provide the plaintiff any relief, and provides a complete defense to both legal and equitable causes of action," and whether the defense applies depends, inter alia, on the nature of the misconduct and the relationship of that misconduct to the claimed damage. Id. Unclean hands is a proper defense to allege in a patent lawsuit that has allegedly been brought in bad faith. See Reid-Ashman Mfg., Inc. v. Swanson Semiconductor Serv.. L.L.C., No. C-06-4693 JCS, 2007 WL 1394427 at *7 (N.D. Cal. May 10, 2007).

In the wake of Twombly and Iqbal, district courts in this circuit were split on whether the heightened pleading standard identified in those decisions applied to affirmative defenses. Some courts, including this Court, concluded that affirmative defenses were subject to the heightened pleading standards announced by those cases. See Wine Group LLC, v. L. and R. Wine Company, No. 2:10-cv-022040-MCE-KJN, 2011 WL 130236, at *2 (E.D. Cal. Jan. 4, 2011) ("Because the heightened pleading standard now applies, an affirmative defense must be plausible on its face."); Dodson v. Strategic Rests. Acquisition Co. II, LLC, 289 F.R.D. 595 (E.D. Cal. 2013) ("[T]he court finds that affirmative defenses are subject to the heightened pleading standards announced in Twombly and Iqbal."); Barnes v. AT&T Pension Benefit Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010) ("The court can see no reason why the same principles applied to pleadings claims [in Twombly and Iqbal] should not apply to

the pleadings of affirmative defenses, which are also governed by Rule 8."). Other courts, however, declined to apply the heightened pleading standard to affirmative defenses, citing Wyshak for the proposition that the pleadings need only "give[] the plaintiff fair notice of the defense." See Figueroa v. Islands Rests., L.P., No. CV 12-00766 RGK (JCGx), 2012 WL 2373249, at *2 (C.D. Cal. June 22, 2012) ("Affirmative defense need only give plaintiff fair notice of the defense to be sufficiently pled"); Vogel v. Linden Optometry APT, No. CV 13-00295 GAF (SHx), 2013 WL 1831686 at *3 (C.D. Cal. Apr. 30, 2013) ("[T]he well established [fair notice] standard described in Wyshak continues to apply").

In Kohler v. Flava Enterprises, Inc., 779 F.3d 1016 (9th Cir. 2015), the Ninth Circuit appears to have resolved this district court split. In discussing the viability of affirmative defenses, the Court noted that "the "fair notice' required by the pleading standards only required describing the defense in 'general terms.'" Id. at 1019 (quoting 5 Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 1274 (3d ed. 1998)).[5] As indicated above, this concept of "fair notice" harkens back to the pre-Twombly/Iqbal standard discussed in Wyshak. Describing a defense in "general terms" does not, in this Court's estimation, invoke the heightened standard of substantive plausibility identified by Twombly and Iqbal. Consequently this Court reads Kohler as standing for the proposition that Wyshak, and not Twombly/Iqbal, provides the proper yardstick for assessing the sufficiency of affirmative defenses.

Here, Caster's unclean hands defense is specifically premised on a contention that Aubin "is asserting a patent which it has reason to know is not infringed and is invalid, and for which it has reason to know that it is entitled to no damages or other requested relief." First Amended Answer, ¶ 101. That allegation, on its face, puts Aubin on notice of Caster's allegation that Aubin filed this lawsuit in bad faith knowing its

---

[5] The specific sentence that the Ninth Circuit quoted in Kohler provides: "As numerous federal courts have held, an affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives the plaintiff fair notice of the nature of the defense." Wright & Miller, § 1274 (footnotes omitted).

claims were invalid.  It is particularly difficult at this initial stage of the lawsuit to conceive what additional facts could be offered to support that proposition.  This Court therefore finds that Caster's unclean hands defense survives Aubin's pleading challenge.

## CONCLUSION

For the reasons outlined above, Aubin's Motion to Dismiss Caster's Counterclaims and to Strike the Sixth Affirmative Defense (ECF No. 15) is DENIED with respect to Caster's First Counterclaim, for Declaratory Judgment of Patent Invalidity, and DENIED as to the Second Counterclaim, for Declaratory Judgment as to Patent Non-Infringement, to the extent direct non-infringement is alleged.  Aubin's Motion to Dismiss is GRANTED as to the Second Counterclaim only to the extent said Counterclaim alleges indirect patent non-infringement.  Aubin's Motion to Strike Caster's Sixth Affirmative Defense is DENIED.

Caster may file a Second Amended Answer to the Complaint and Counterclaims, should it choose to do so, not later than thirty (30) days after the date this Memorandum and Order is electronically filed.

IT IS SO ORDERED.

Dated:  June 23, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT